UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe[1],<br><br>    Plaintiff,<br><br>  v.<br><br>City of Rochester, New York,<br><br>    Defendant. | No.: 6:24-cv-06209 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO PROCEED ANONYMOUSLY**

---

[1] Plaintiff has been given a pseudonym to protect her privacy.

TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................ III
**PRELIMINARY STATEMENT** ........................................................................................................ 1
**PROCEDURAL HISTORY AND FACTUAL BACKGROUND** ........................................... 1
**LEGAL ARGUMENT** ........................................................................................................................ 2
    I.    PLAINTIFF SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY. ........................................ 2
**CONCLUSION** ..................................................................................................................................... 4

## TABLE OF AUTHORITIES

**CASES**

*EW v NY Blood Ctr.*, 213 FRD 108 (EDNY 2003) .......................................................................... 3
*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008) ...................................... 2, 3

**RULES**

Federal Rule of Civil Procedure 10(a) ............................................................................................ 1

**STATUTES**

42 USC § 1983 ................................................................................................................................ 1
NYLL § 740 .................................................................................................................................... 1
NYHRL § 296 ................................................................................................................................. 1

PRELIMINARY STATEMENT

Plaintiff commenced this action on April 9, 2024, asserting, inter alia, claims against Defendant City of Rochester, New York, arising under 42 USC §1983, for sex and gender discrimination in violation of the equal protection clause of the Fourteenth Amendment of the U.S. Constitution, retaliation for complaining of sex and gender discrimination in violation of the equal protection clause of the Fourteenth Amendment of the U.S. Constitution, New York State Human Rights Law (NYSHRL) § 296 for discrimination and retaliation on the basis of sex and gender, and harassment and retaliation on the basis of domestic violence status, as well failure to accommodate under NYSHRL § 296, and retaliation in violation of New York State Labor Law (NYLL) § 740 and negligence per se.  Plaintiff now moves the court for leave to proceed under pseudonyms under Federal Rule of Civil Procedure 10 (a).

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The court is respectfully referred to the complaint, filed on April 9, 2024, for a complete recitation of the factual background.

LEGAL ARGUMENT

**I. Plaintiff should be permitted to proceed anonymously.**

As a general matter, Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). However, in certain limited circumstances, a court may deviate from this principle and permit a party to proceed under a pseudonym.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. In the Second Circuit, the factors a court may consider include, but are not limited to, the following:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his [or her] age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his [or her]

2

claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his [or her] identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, citations, and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

Factors 1, 2, 3 and 5 all apply in the instant case. Ms. Doe is a victim of domestic violence who has a reasonable fear her abuser will harm her if she or he is directly named in this case. *See* Declaration of J. Morgan Levy, Esq. The fact of being a victim of domestic violence is a highly sensitive, personal matter. *See* Declaration of J. Morgan Levy, Esq. Ms. Doe's bringing this case against a governmental authority also weighs in favor of her filing under pseudonym. *See* EW v NY Blood Ctr., 213 FRD 108, 111 (EDNY 2003) ("The public right to scrutinize governmental functioning, … is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.

3

These crucial interests served by open trials … are not inevitably compromised by allowing a party to proceed anonymously.")

## CONCLUSION

For the reasons set forth herein, plaintiff respectfully requests this court grant their request for an order permitting the above-captioned matter to proceed with the use of a pseudonym in place of plaintiff's name, together with such other and further relief this court deems just and proper.

Dated: Fairport, New York
April 10, 2024

J. Morgan Levy Firm, PLLC

J. Morgan Levy, Esq.
Attorneys for Plaintiff
24 N. Main St., Suite 2
Fairport, NY 14450
Tel.: 585-678-1160
Email: morgan@jmorganlevyfirm.com

4