UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe,<br><br>                Plaintiff,<br><br>    v.<br><br>City of Rochester, New York,<br><br>                Defendant. | No.: 6:24-cv-6209-CJS-MJP<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED UNDER PSEUDONYM** |

**ORDER GRANTING PLAINTIFF'S MOTION
TO PROCEED UNDER PSEUDONYM**

Upon consideration of Plaintiff's Motion for Leave to File Under Pseudonym (ECF No. 5), and the factors laid out in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–90 (2d Cir. 2008),[1] and pursuant to Fed. R. Civ. P. 10(a), the Court hereby ORDERS that:

---

[1] (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," *Zavaras*, 139 F.3d at 803; *see also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.1993); Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992); (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties," *Jacobson*, 6 F.3d at 238; *see also Zavaras*, 139 F.3d at 803; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y.1996); (3) whether identification presents other harms and the likely severity of those harms, *see Advanced Textile Corp.*, 214 F.3d at 1068, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *Zavaras*, 139 F.3d at 803; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, *see Advanced Textile Corp.*, 214 F.3d at 1068, particularly in light of his age, *see Jacobson*, 6 F.3d at 238; see also Del Rio, 241 F.R.D. at 157; (5) whether the suit is challenging the actions of the government or that of private parties, *see Jacobson*, 6 F.3d at 238; *Frank*, 951 F.2d at 323; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, *see Advanced Textile Corp.*, 214 F.3d at 1068; (7) whether the plaintiff's identity has thus far been kept confidential, *see Del Rio*, 241 F.R.D. at 157; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, *see Advanced Textile Corp.*, 214 F.3d at 1068; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," *Del Rio*, 241 F.R.D. at 157; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, *cf. Aware Woman Ctr.*, 253 F.3d at 687.

1

1. Plaintiff's Motion for Leave to File Under Pseudonym is GRANTED.

2. Plaintiff is permitted to proceed in this action under the pseudonym "Jane Doe."

3. All parties shall refer to the Plaintiff as "Jane Doe" in all filings, proceedings, and communications related to this case.

4. All documents showing Plaintiff's legal name that must be filed in connection with this case should be accompanied by a motion to file under seal pursuant to Loc. R. Civ. P. 5.3(c).  *See also*, Administrative Procedures Guide ¶ O.

5. The Clerk of the Court is directed to ensure that all public records in this case reflect the Plaintiff's pseudonym and to take all necessary steps to protect the Plaintiff's identity from public disclosure.

6. This Order is subject to reconsideration should circumstances change or should it be shown that the need for anonymity no longer exists.

SO ORDERED.

Dated: August 7, 2024
Rochester, New York

*/s/ Mark W. Pedersen*
Mark W. Pedersen
Hon. Mark W. Pedersen
United States Magistrate Judge

2