### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

**Jane Doe,**

Plaintiffs,

v.

**The City of Rochester,**

Defendants.

**FIRST AMENDED
SCHEDULING ORDER**

24-cv-6209-CJS-MJP

**PURSUANT TO** the order of the Hon. Charles J. Siragusa, Senior District Judge referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a motion for an extension of deadlines, (ECF No. 26), and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

**ORDERS** that

1.    **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than **September 3, 2025**.

2.    **Close of fact discovery.** The parties shall serve all discovery demands by **July 15, 2025**, and complete all fact discovery by **November 17, 2025**.

3.    **Experts.** Plaintiff shall make expert disclosures, including reports, by no later than **January 23, 2026**. Defendant shall make expert disclosures, including reports, by no later than **March 27, 2026**. Rebuttal disclosure, if any,

is due by **April 13, 2026**. **All expert discovery, including depositions, must be completed by May 15, 2026.**

4.      **Motions to compel.** The parties shall file any motions to compel discovery no later than **November 17, 2025**.

5.      **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **July 17, 2026**.

6.      **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

7.      **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

a.      When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly

exceptional circumstances, any motion for an extension shall be made at least **one week** before the deadline to be extended.

b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

8. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated:      July 1, 2025
            Rochester, NY                    */s/ Mark W. Pedersen*
                                             MARK W. PEDERSEN
                                             United States Magistrate Judge