UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

vs.

CITY OF ROCHESTER, NEW YORK,

Defendant.

ORDER REGARDING PRO BONO COUNSEL

24-CV-6209-CJS-MJP

**Pedersen, M.J.** This lawsuit was filed by Plaintiff on April 9, 2024, through previously retained counsel, Jennifer Morgan Elizabeth Levy, Esq., (*see* ECF No. 1), and was referred to the undersigned for purposes of handling pretrial, non-dispositive matters on July 8, 2024 (*see* ECF No. 10).

On January 3, 2025, Ms. Levy filed a motion to withdraw as attorney for Plaintiff (ECF No. 16). The Court granted the motion and relieved Ms. Levy from representing Plaintiff on January 29, 2025. (ECF No. 19.) On March 3, 2025, Plaintiff filed a *pro se* motion (ECF No. 20). Given that motion this litigation's nature and complexity, the Court found good cause to appoint full-scope *pro bono* counsel to represent Plaintiff and on March 19, 2025, appointed Amy Jane Agnew, Esq., as counsel (ECF No. 24).

During an appearance on September 2, 2026, Ms. Agnew represented to the Court that she has been experiencing difficulty effectively communicating with Plaintiff, e.g., Plaintiff had refused to attend a scheduled mediation despite efforts to maintain her anonymity during the mediation. During this discussion on the record, Ms. Agnew stated that she is willing to continue representing Plaintiff but expressed

concern that she may be unable to represent Plaintiff adequately moving forward given this breakdown in communication. The undersigned has previously assigned Ms. Agnew to multiple *pro bono* cases and has found her to be of the highest caliber of *pro bono* attorneys in the Western District of New York. The Court credits Ms. Agnew's representations about her difficulty communicating with Plaintiff.

The Court is aware of the complications surrounding this case, including that Plaintiff is proceeding under a pseudonym for her safety. Accordingly, the Court has taken steps to ensure Plaintiff's identity is protected and that this litigation may proceed with limited delay. The assignment of *pro bono* counsel to represent litigants is not a constitutional right in civil litigation and is certainly not something the Court does without finding good cause to do so. Typically, even when *pro bono* counsel is assigned, such representation is limited in scope to matters such as assisting Plaintiff with amending a pleading or conducting depositions. Assignment of full-scope *pro bono* counsel is reserved for the most extreme of circumstances, and the Court previously found Plaintiff Jane Doe's circumstances warranted full scope assignment. If assigned counsel cannot communicate effectively with her client, litigation cannot proceed. Accordingly, the Court admonishes Plaintiff and warns her that, should Ms. Agnew file a motion to withdraw as *pro bono* counsel, there could be multiple ramifications:

1. The Court would be inclined to grant the motion and relieve Ms. Agnew from representing Plaintiff moving forward.
2. The Court would be disinclined to assign new *pro bono* counsel to represent

Plaintiff moving forward.

3. **<u>The Court would be inclined to file an order to show cause why this case should not be dismissed for failure to prosecute</u>**. As Plaintiff would be unrepresented at that point, she would be required to respond *pro se* to the order to show cause unless she were to retain private counsel before the deadline for responding to the order to show cause.

Accordingly, the Court admonishes Plaintiff to cooperate with *pro bono* counsel.

SO ORDERED.

DATED: September 2, 2026
Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge